J-A07009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT SCOTT MEYER | : | |
| | : | |
| Appellant | : | No. 618 MDA 2023 |

Appeal from the Judgment of Sentence Entered November 16, 2022
In the Court of Common Pleas of Franklin County
Criminal Division at No:  CP-28-CR-0000598-2020


BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 27, 2024**

Appellant, Robert Scott Meyer, appeals from the November 16, 2022 judgment of sentence imposing 72 hours to six months of incarceration for driving under the influence, made final by the March 23, 2023 denial of his post-sentence motion.  Upon review, we affirm.

On January 22, 2020, at about 11:35 p.m., Officer Joshua Elkins of the Waynesboro Police Department conducted a traffic stop of Appellant's vehicle due to a suspended vehicle registration.  N.T., Bench Trial 8/25/22, at 9, 11. Upon speaking with the driver-Appellant, Officer Elkins immediately smelled the odor of alcohol coming from Appellant's person.  ***Id.*** at 13.  Appellant was slow to retrieve his license, registration and insurance information and his

_____

[*] Former Justice specially assigned to the Superior Court.

speech was slowed, but not slurred. ***Id.*** As a result, Officer Elkins requested Appellant to perform standard field sobriety tests ("SFST"). ***Id.*** at 15.

Appellant's performance of the SFST indicated to Officer Elkins that Appellant was impaired and incapable of driving a motor vehicle. ***Id.*** at 17-20. He was placed under arrest for suspicion of driving under the influence ("DUI") and transported to Waynesboro Hospital, where Appellant agreed to a blood draw. ***Id.*** at 23-24. The lab results indicated that Appellant had THC and Delta-9 carboxy THC in his system. ***Id.*** at 25.

Appellant was initially charged with: (1) DUI controlled substance – schedule I; (2) DUI controlled substance – metabolite; and (3) driving while vehicle registration is suspended. Appellant waived his preliminary arraignment and when the Commonwealth filed its information on June 23, 2021, count 3 was changed to DUI – drugs or a combination of drugs. On December 16, 2021, Appellant filed a waiver of counsel.

On April 4, 2022, the Commonwealth filed its Notice of Intent to Admit Laboratory Report in accordance with Pa.R.Crim.P. 574. The notice included a certificate of service which stated Appellant was served at his residence via certified mail. On July 22, 2022, the Commonwealth filed a Motion for Appointed Counsel, stating it believed, "that, with appointed counsel and advice, [Appellant] may provide the Commonwealth with documentation that

may lead to the withdrawal of his charges."[1] Commonwealth's Motion for Appointed Counsel, 7/22/22. The trial court granted the request and appointed counsel to represent Appellant.

Following a bench trial, Appellant was found guilty of all three DUI counts. N.T., Bench Trial, at 67-69. Sentencing was deferred for a pre-sentence investigation. On November 16, 2022, Appellant was sentenced to an aggregate term of 72 hours to six months of incarceration. Appellant filed a timely post-sentence motion, which raised three issues: (1) an illegal sentence at count 3; (2) the admissibility of the lab report; and (3) sufficiency of the evidence. *See* Post Sentence Motion, 11/28/22. The Commonwealth filed a response and conceded that the sentence at count 3 was illegal. *See* Commonwealth's Brief, 12/29/22. As a result, the trial court entered an order vacating the sentence at count 3 and finding counts 2 and 3 merged with count 1 for purposes of sentencing. *See* Order, 1/27/23. The order did not address the admissibility of the lab report or the sufficiency of the evidence.

On March 23, 2023, the trial court denied the remaining issues raised in Appellant's post-sentence motion. *See* Opinion and Order, 3/23/23. This timely appealed followed. Both the trial court and Appellant have complied with Pa.R.A.P. 1925. Appellant now raises a single issue for our review:

---

[1] Subsequently, the Commonwealth explained that it attempted to review the case to determine whether it should be dismissed in light of Appellant's possession of a medical marijuana card. N.T., Bench Trial, at 5. However, Appellant did not cooperate with the Commonwealth, preventing a review from being completed even after the appointment of counsel. *Id.* at 5-6.

"Whether the [t]rial [c]ourt erred in allowing the admission of the lab report under Pa.R.Crim.P. 574 despite the lack of notice given to [Appellant]?" Appellant's Brief at 2. Essentially, Appellant argues that if the trial court felt the need to appoint counsel, then Appellant's failure to file a written demand before counsel's appointment should be excused. *See id.* at 4-5. He also contends that the Commonwealth "failed to prove service upon Appellant." *Id.* at 5. We disagree.

We review a challenge to an evidentiary ruling for an abuse of discretion. *Commonwealth v. DiStefano*, 265 A.3d 290, 297 (Pa. 2021). An abuse of discretion will not be found "based on a mere error of judgment, but rather . . . where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* at 298.

The admissibility of a forensic laboratory report in lieu of expert testimony is governed by Rule 574, which reads:

> (a) In any trial, the attorney for the Commonwealth may seek to offer into evidence a forensic laboratory report supported by a certification . . . in lieu of testimony by the person who performed the analysis or examination that is the subject of the report.
>
> (b) **Notice.**
> (1) If the attorney for the Commonwealth intends to offer the forensic laboratory report and accompanying certification as provided in subdivision (a) as evidence at trial, the attorney for the Commonwealth **shall file and serve**, as provided in Rule 576, upon the defendant's attorney or, if unrepresented, the defendant **a written notice** of that fact at the time of

- 4 -

the disclosure of the report but no later than 20 days prior to the start of trial.

(2) The notice shall include a statement informing the defendant that . . . if no written demand for testimony by the person who performed the analysis or examination that is the subject of the forensic laboratory report is made within 10 days of the service of the notice, the forensic laboratory report and accompanying certification are admissible in evidence without the person who performed the analysis or examination testifying.

* * * *

(c) **Demand**.
(1) **Within 10 days of service of the notice** provided in subdivision (b), the defendant's attorney, or if unrepresented, the **defendant may file** and serve, as provided in Rule 576, upon the attorney for the Commonwealth a **written demand** for the person who performed the analysis or examination that is the subject of the forensic laboratory report to testify at trial.

(2) If a written demand is filed and served, the forensic laboratory report and accompanying certification are not admissible under subdivision (b)(3) unless the person who performed the analysis or examination testifies.

(3) **If no demand for live testimony** regarding the forensic laboratory report and accompanying certification is filed and served within the time allowed by this section, **the forensic laboratory report and accompanying certification are admissible** in evidence without the person who performed the analysis or examination testifying.

Pa.R.Crim.P. 574 (emphases added).  Regarding service, Rule 576 provides

that service shall be by "sending a copy [of the pleading] to an unrepresented

party by certified, registered or first[-]class mail addressed to the party's place

- 5 -

of residence, business, or confinement." Pa.R.Crim.P. 576(b)(2)(v). "All documents that are filed and served pursuant to this rule shall include a certificate of service." Pa.R.Crim.P. 576(b)(4)(i).

Here, the Commonwealth filed its Rule 574 notice on April 4, 2022, which included a statement that if Appellant did not respond to the notice within ten days, the report and certification would be admissible at trial. **See** Notice, 4/4/22. The notice also included a certificate of service attesting that a copy of the notice was sent via certified mail to Appellant's home address. **See id.** Appellant did not file a written demand for live testimony within the time prescribed; therefore, the trial court properly ruled the report and certification admissible.

Appellant's argument that the trial court should have accepted court appointed counsel's late objection to the admissibility of the lab report is unavailing. Appellant has not provided any authority, and we have not found any, that allows for a written demand to be made belatedly if a *pro se* defendant obtains counsel after the period for demanding live testimony has already elapsed.

Appellant knowingly waived his right to counsel and was informed of the risks and consequences associated with self-representation. **See** Waiver of Counsel, 12/16/21. As previously stated, the Commonwealth requested court-appointed counsel for Appellant not because he was incompetent or indigent. Rather, the Commonwealth found Appellant uncooperative and obstreperous in trying to resolve the case. Rule 574 provides a pure notice

and demand procedure. **See** comments to Pa.R.Crim.P. 574. The Commonwealth filed its notice. Appellant had ten days to file a written demand, and he failed to do so.

Appellant's argument that the Commonwealth failed to prove it served Appellant with the notice of its intent to introduce the lab report in lieu of live testimony is also unavailing. There is no additional requirement beyond the certificate of service filed simultaneously with the Rule 574 notice that the Commonwealth must do to prove service. **See** Pa.R.Crim.P. 574(b), 576. Moreover, Appellant does not allege that his address was incorrect on the certificate of service. In fact, other pleadings were sent to the same address, and Appellant does not challenge service of those pleadings.

Therefore, we find that the trial court did not abuse its discretion by admitting the forensic laboratory report and certification into evidence without live testimony. The Commonwealth complied with Rule 574 and Appellant did not file a written demand for live testimony within the prescribed time.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/27/2024

- 7 -